UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

VINCENT A. NYSTI,

    Defendant.

No. CR-10-0162-RHW

**ORDER RE: PRETRIAL MOTIONS**

The Court held a pretrial conference in this matter on November 21, 2011. Present for the Government was Rudy Verschoor; Jaime Hawk appeared on behalf of the Defendant, who was also present. The Court heard argument on several pending motions, and it rules as follows:[1]

**Motion to Dismiss:** For the reasons discussed at the hearing, the Court finds the Indictment, which tracks the statutory language of the offense, sufficiently apprises Defendant of the nature of the charges and allows him to prepare an adequate defense. United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007). The motion is DENIED.

---

[1]The Court ruled on many of these motions from the bench. This written order memorializes those oral rulings.

**ORDER RE: PRETRIAL MOTIONS * 1**

**Motions in Limine:**

**Testimony Concerning "Serious Bodily Injury:"** Although no witness can give an opinion as to an ultimate issue of law, it is impractical to prohibit the use of common descriptive terms in testimony. *See* <u>United States v. Two Eagle</u>, 318 F.3d 785, 793 (8th Cir. 2003) ("Medical and legal terms often overlap, and a medical expert cannot be expected to use different words merely to avoid this specific problem."). The Court will instruct the jury at the conclusion of trial, and if requested during testimony as well, that the determination of the degree of injury is for it to decide. The motion is DENIED.

**Testimony About Victim's Pain**: The Government has provided discovery, primarily medical records, that describes the injuries sustained by the victim. The Government's expert disclosure indicated that she will provide testimony that two of the victim's injuries were life-threatening, but that the victim's skull fracture was not. At the hearing, the Government stated that it would argue that the skull fracture and other injuries qualify as a "serious bodily injury" because the jury can infer that the victim endured extreme physical pain.

Because the Government did not disclose that it would be providing *expert* testimony on the pain resulting from the skull fracture, it is foreclosed from introducing this testimony at trial. The parties shall brief whether the jury is permitted to conclude from generalized testimony about injuries sustained whether extreme physical pain resulted. The Court GRANTS the motion, in part, and will limit expert opinions concerning pain to those disclosed by the Government in discovery.

**Photographs of Victim's Bruising:** The Government seeks to introduce pictures of the victim taken while she was hospitalized for the injuries at issue. The Court finds these photographs generally relevant, but it RESERVES RULING on whether they are substantially prejudicial or cumulative until trial. The Government has disclosed to the Court and Defendant the list of pictures it intends to introduce, and the Defendant shall submit any objections before trial.

**ORDER RE: PRETRIAL MOTIONS * 2**

**Terms "Victim," "Child Abuse," and "Life-Flighted:"** The Court DENIES Defendant's motions to exclude reference to these terms with leave to renew at trial if a particular use is contended to be prejudicial.

**Defendant's Statement**:  Defendant seeks exclusion of his written statement to police as hearsay. Though the statement is actually a summary of the police officer's notes taken during his interview, Defendant signed the document. The Court previously denied Defendant's motion to suppress this statement, finding that police had properly Mirandized Defendant, he had not invoked his right to silence before signing it, and that the statement was not a product of coercion. (ECF No. 105).

Defendant says this written statement, paraphrasing his oral statements to police, is dual-layered hearsay. But "a signed statement, even if written by another in another's words, would be adopted as the party's own if he signed it, because signing is a manifestation of adopting the statement." United States v. Orellana-Blano, 294 F.3d 1143, 1148 (9th Cir. 2002). Here, Defendant signed the statement at the conclusion of the interview, thereby adopting the officer's paraphrasing. The written statement it is admissible as an admission by a party-opponent, FRE 801(d)(2)(B), and the motion is DENIED.

**Statements by Medical Personnel to Police:**  The Government indicated that it would not seek admission of statements made to police by medical personnel. This motion is DENIED, as moot. The Defendant can renew his objection at trial if necessary.

**Photographs of Bathtub:**  The Defendant had originally objected to photographs depicting unidentified red marks. The Government stated at the hearing that it would offer photographs of the scene without the marks. The motion is DENIED, as moot.

**Witnesses:** The Defendant seeks the exclusion of testifying witnesses under FRE 615, and the Government has no objection. The Government informed the Court that it wishes for one of its witnesses to testify via videoconference. The parties shall

**ORDER RE: PRETRIAL MOTIONS * 3**

confer with each other, and if the Defendant does not stipulate to such testimony, the Government shall brief the Court whether it has the discretion to grant its request.

**Motion for Reconsideration (Prior Acts Evidence)**: Finally, the Defendant moves for reconsideration of a previous order admitting prior bad acts evidence. The Government asked to introduce: (1) victim's broken leg, suffered in July, 2010; (2) testimony that two babysitters witnessed bruises on the victim around ten days before the alleged assault; (3) another babysitter's testimony that she saw Defendant handle the victim roughly and then "heard" Defendant throw the victim into bed; and (4) a burn the victim sustained while lying on the hood of a car when her mother was changing her diaper. The Court admitted the evidence about the broken leg, the bruising seen by the babysitters, the rough handling, and the burned hand, finding that each goes to intent and absence of accident under FRE 404(b). It reserved ruling on the admissibility of the babysitter's belief that Defendant threw the victim into bed until a foundation could be laid at trial.

### 1.    Admission Under 404(b)

Prior act evidence is admissible if: (1) it proves a material element of the charged offense; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the act; and (4) in cases where knowledge and intent are at issue, the act is similar to the offense charged. United States v. Holler, 411 F.3d 1061, 1067 (9th Cir. 2005). The Defendant renews his objection that the Government cannot carry its burden on the third-prong because other individuals were present and could have caused the prior injuries. Although the Court is not required to make a preliminary finding that Defendant committed these prior acts, it must determine that there is "sufficient evidence" for a jury to so conclude before admitting the evidence under Rule 404(b). Huddleston v. United States, 485 U.S. 681, 689-90 (1988).

### a) Bruises and rough handling

The child was shown to have bruises in multiple places on her body when she

**ORDER RE: PRETRIAL MOTIONS * 4**

was examined by medical personnel while she was hospitalized for the injuries charged in this case. These bruises may be evidence of the assault and are admissible as part of the whole event of October 20, 2010. They also may be admissible under Rule 404(b) to show that the injuries in this case were not the result of accident, as the child was in the exclusive care of Defendant for much of that day. United States v. Boise, 916 F.2d 497, 502 (9th Cir. 1990) (child's prior injuries admissible under Rule 404(b) where defendant was the primary care giver at the time injuries occurred).

In addition, around October 10, 2010, the child's babysitters observed bruises on her body. (ECF No. 43, at 2). One saw the defendant roughly handling the child while carrying the child from a car to her bed. (Id.) The rough handling is admissible under Rule 404(b) because a witness links Defendant directly to the act. United States v. Lewis, 837 F.2d 415, 418-19 (9th Cir. 1988) (prior abuse admissible under Rule 404(b) where witnesses testified they saw defendant follow victim into a room carrying a belt). The bruises observed by the babysitters are admissible because the jury could conclude that they occurred while the child was under the care of either the mother or the Defendant. Boise, 916 F.2d at 502.

The extent of the testimony concerning what the babysitter heard in another room will be considered at trial.

### b) Broken leg

In July of 2010, the child was treated for a broken leg. The child had been in the care of the Defendant for the two days prior to the visit to the hospital and in the care of the mother and the Defendant on the day of the hospital visit. (ECF No. 43, at 2). The mother denies breaking the child's leg. From this, a jury could conclude that the break occurred while the Defendant was caring for the child alone or with the mother. See Boise, 916 F.2d at 502.

### c) Burned hand

The child also sustained burns on her hand while the mother was changing her diaper on the hood of a car. (ECF No. 43, at 2). The Government's proffer does not

**ORDER RE: PRETRIAL MOTIONS * 5**

1   link this event to Defendant at all, and it is therefore not admissible under Rule 404(b).

2       **2.    Admission to Show Injuries Not an Accident**

3       Irrespective of their admissibility under Rule 404(b), all these prior injuries are

4   relevant to show that the injuries here are not the result of an accident. In Estelle v.

5   McGuire, which also concerned admission of prior acts of abuse, the Supreme Court

6   reversed the Ninth Circuit's determination that evidence of prior injuries was

7   irrelevant because the Government could not link the defendant to them. The Supreme

8   Court majority held that the evidence was relevant to show that "certain injuries are

9   a product of child abuse, rather than accident, . . . even though it does not purport to

10  prove the identity of the person who might have inflicted those injuries." 562 U.S. 67,

11  68 (1991). Because the Government was required to prove that the murder charged

12  was the result of an intentional act, the evidence was probative on the question of the

13  intent of the person responsible. Although Estelle was before the Court on a habeas

14  petition, and thus involved analysis of the Due Process Clause rather than the federal

15  evidentiary rules, this Court finds the reasoning equally applicable here.

16      As in Estelle, the Government here must show that the child's injuries were the

17  result of an intentional act. Therefore, the Court finds *all* the prior acts evidence, even

18  the burned hand not linked to Defendant, relevant and admissible to show that the

19  child's injuries were the result of an intentional act of *someone*, and not an accident.

20  FRE 401; 402. If requested, the Court will give appropriate limiting instructions

21  concerning the evidence admitted under 404(b) or to show that the injuries, who ever

22  inflicted them, were not the result of an accident. Counsel should submit any

23  requested instruction on or before the morning of trial.

24      **3.    Rule 403**

25      The Court has considered the prejudicial effect of the admission of the

26  challenged evidence in relation to its probative value. Here, the probative value of this

27  evidence is high where the victim, a three-year old child, cannot testify. Boise, 916

28  F.2d at 502 (evidence of past abuse "highly probative" on question of intent and

**ORDER RE: PRETRIAL MOTIONS * 6**

absence of mistake). These prior acts are the best evidence that the injuries suffered in this case are intentional, and their probative value is not substantially outweighed by prejudice to the Defendant. FRE 403.

Accordingly, **IT IS HEREBY ORDERED**:

1.  The Defendant's Motion to Dismiss (ECF No. 122) is **DENIED**;

2. The Defendant's Motions in Limine (ECF No. 120) are **GRANTED and DENIED,** in part;

3. The Defendant's Motion for Reconsideration (ECF No. 125) is **GRANTED** to the extent provided in this Order.

4. The Government's Motion for Extension of Time (ECF No. 127) is **DENIED**, as moot.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this 23rd day of November, 2011.


_____*/s/ Robert H. Whaley*_____
ROBERT H. WHALEY
United States District Judge

Q:\aCRIMINAL\2010\Nysti\motions.ord.wpd

**ORDER RE: PRETRIAL MOTIONS * 7**